In re Guardianship of Imogene Haggerty Bennett, Incompetent; J. W. Jordan, Administrator, Appellant.

No. 43285.

MARCH 17, 1936.

Dyer, Jordan & Dyer, for appellant.

Goodykoontz & Goodykoontz, for appellee.

Leonard S. Nelson, for Myrtle Simpson.

STIGER, J.—In 1928 G. R. Cooper was appointed guardian of the property of Imogene Haggerty Bennett, an incompetent, by the Boone county district court. On March 25, 1929, the guardian was ordered by the court to purchase a small residence property in Boone, Iowa, for not more than $650 for the purpose of providing the ward and her husband a place to live. Pursuant to this order, the guardian purchased the residence property from Myrtle Simpson for $640 and obtained a deed of the property from the vendor to his ward on April 3, 1929. The ward and her husband went into possession of said property in 1929 and have remained in the undisturbed possession thereof under said deed since that time. The guardian filed an annual report and subsequently on March 6, 1934, filed his final report.

The annual report contained the following item of disbursement by the guardian:

April 3, 1929, Myrtle Simpson property purchased under order of court, $640.

This is the only item involved in this appeal. On December 15, 1934, the ward, Imogene Bennett, filed objection to the re-

ports of the guardian and with reference to the said item of $640, made the following objection:

(6) That said report shows payment on April 3, 1929, to Myrtle Simpson in the amount of $640, but the only proof of said item is a warranty deed in which the said Mrs. Simpson states that she has received payment; further evidence in the form of a canceled check to Myrtle Simpson should be produced to show that the said amount was actually paid.

The guardian, G. R. Cooper, died on December 15, 1934, and appellant, J. W. Jordan, was appointed administrator of his estate.

A hearing was had on the objection to the reports and appellant appeared as administrator of the Cooper estate. No guardian was appointed to succeed the deceased guardian. Myrtle Simpson, the vendor, testified at the hearing but was not a party to the proceedings.

On March 21, 1935, the court filed his findings, and with regard to said item of disbursement by the guardian of $640 under date of April 3, 1929, found that the guardian, Cooper, paid Mrs. Simpson, the vendor, only $30 on said purchase price of the residence property; that the balance of the purchase price in the sum of $610 was never paid to the vendor; that the residence property was occupied by the ward as her residence, and sustained the objections to said item.

On April 25, 1935, the court made a judgment order in harmony with the findings and in regard to said $640 the order reads as follows:

"It is found and ordered that the claim of Imogene H. Bennett is established in the sum of Eight Hundred Seventy-eight and 61/100ths. ($878.61) Dollars, and the said sum is found and ordered to be a claim against the estate of George R. Cooper, deceased. * * * It is made a part and provision of this order however, that upon payment to said ward, of the item above referred to, either by the administrator of said guardian's estate or by his bondsman that the ward, Imogene H. Bennett, shall reconvey a residence property referred to in the court's findings, to whomever may at that time appear entitled thereto. To all of which all parties except."

On April 1, 1935, Imogene Bennett, having been adjudged competent, filed the following offer to reconvey:

"I, Imogene Bennett, of Boone County, State of Iowa, having been duly adjudged by the District Court of Iowa, in and for Boone County, to be competent, and able and capable of doing my own business, on the 1st. day of April, 1935; and wishing to be fair and equitable in my claim versus George R. Cooper, my former guardian,

"Do HEREBY OFFER TO RECONVEY by warranty deed to Myrtle Simpson of Marshalltown, Iowa, premises described as Lot 20 of C. J. A. Ericsons Sub-division of the Northwest Quarter of the Southwest Quarter of Section 24, Township 84 North, Range 27 West of the 5th P. M., excepting minerals thereunder.

"IN THE EVENT OF AND CONDITIONED ON the allowance to me of a certain claim in the amount of $610.00 made by me against George R. Cooper as my guardian, the said amount being part of a consideration of $640.00 purported to have been made to said Myrtle Simpson by said Cooper but which in fact was never received by said Myrtle Simpson, and for which amount of $610.00 I am making claim against my former guardian.

"And L. Bennett, the husband of said Imogene Haggerty Bennett, hereby agrees to release his dower interest in and to said property.

"Dated this 1st day of April, 1935.

           "[Signed]    Imogene Bennett
           "[Signed]    L. Bennett."

(Duly acknowledged.)

It is without dispute that the claim established by the order of the court for the ward, Imogene Bennett, in the sum of $878.61 against the estate of the guardian, includes the item of $640.

The trial court, after correctly finding that the guardian had not paid the balance of the purchase price to the vendor and that the guardian was not entitled to credit for the item, awarded the balance of the purchase price to Mrs. Bennett, the ward.

Appellant does not question the court's finding that the guardian did not pay Mrs. Simpson the balance of the purchase price in the sum of $610.

It is from the order of the trial court establishing a claim of the ward for $610 against the estate of George R. Cooper that appellant appeals. Appellant's assignment of error is that the court erred in finding and ordering that the sum of $640 be included in the claim established against the guardian's estate.

522

We think that the contention of the appellant should be sustained.

The ward, Mrs. Bennett, has had possession of the premises since 1929 under the warranty deed from the vendor, secured for her under order of the court. This conveyance stands unchallenged by the vendor or Mrs. Bennett. Mrs. Simpson, the vendor, has made no claim of any kind against Mrs. Bennett. Mrs. Simpson testified at the hearing that she is claiming the balance of the purchase price in the sum of $610 from the guardianship. She repeatedly pressed Cooper for payment. She testified that a long illness has prevented her from bringing suit. Her transaction was with the guardian and she should not be hindered in her right to collect the amount due her from the guardianship or her guardian's estate.

The provision in the judgment order for payment of the purchase price to Mrs. Bennett and for conveyance by her, upon payment, of the property to Mrs. Simpson, and Mrs. Bennett's offer to reconvey, seem to be based on the theory that Mrs. Simpson's only recourse is to the property and does not take into consideration her right to the unpaid purchase price from the guardian.

Appellee states that appellant is in no position to object to the disposition of the purchase price made in the judgment order. There are at least two good reasons why appellant should object: (1) The order requires the estate he represents to pay the amount due therefrom to the wrong party. (2) If he did pay the balance of the purchase price to the ward, he would be subject to a suit by Mrs. Simpson, the vendor, for the purchase price and thus be subjected to possible double payment. Mrs. Simpson was not a party to the proceedings and is not bound thereby.

When the trial court found that Mrs. Simpson had not been paid, she should have been brought in as a party necessary to a proper determination of the case. Code section 10981.

Whether Mrs. Simpson or the ward will be entitled to the balance of the purchase price depends on the decision made by Mrs. Simpson. She may elect to claim and sue for the purchase price and interest as against the guardian's estate or guardianship, or to bring suit for the recovery of the real estate against Mrs. Bennett.

If Mrs. Simpson recovers the real estate, Mrs. Bennett will be entitled to the purchase price converted by her guardian.

The rights of all the parties can be determined, or the proceedings necessary to effectuate such rights can be determined, by making Mrs. Simpson a party.

If payment were made to Mrs. Bennett under the trial court's order, she would have the title to the property and the purchase price with no provision for securing the money in her hands for Mrs. Simpson, the unpaid vendor.

That part of the court's order establishing the claim of Mrs. Bennett for the balance of the purchase price against the estate of G. R. Cooper in the sum of $610 is reversed, and the district court directed to make Myrtle Simpson a party in harmony with this opinion.—Reversed and remanded.

DONEGAN, C. J., and ALBERT, MITCHELL, ANDERSON, RICHARDS, HAMILTON, and PARSONS, JJ., concur.